IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| Richard Hewlett, | |
| Plaintiff, | |
| v. | Civil Action<br>File No. 3:04- CV-111(COX) |
| Waffle House, Inc. & "Does" 1-10, | |
| Defendants. | |

## COMPLAINT

Richard Hewlett, Plaintiff, brings this complaint for damages and injunctive relief against Defendant Waffle House, Inc. (hereinafter "Waffle House" or "Defendant") and "Does" 1-10, alleging as follows:

### I.   PARTIES, JURISDICTION & EEOC EXHAUSTION

1. Richard Hewlett is an African-American male, a citizen of the United States and a resident of the State of Georgia, with his residence address at 122 Alden Ct. Athens, GA 30605. He submits himself to the jurisdiction of this court.

2. Defendant Waffle House is a corporation, incorporated under the laws of, and authorized to do business in, the State of Georgia, with its main office at 5986 Financial Drive, Norcross, Georgia 30071. It may be properly served by service upon its registered agent, Greg Newman, at the same address.

1

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as "Does" 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 42 U.S.C. § 2000e *et seq*; and 42 U.S.C. §§ 1981, 1983.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e, because all of the incidents alleged in this Complaint occurred in the Middle District of Georgia, Athens Division.

7. On June 16, 2004, Mr. Hewlett filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Defendant had committed an unlawful employment practice against Plaintiff within the preceding 180 days.

8. The EEOC issued Plaintiff a right-to-sue letter informing Plaintiff of the right to file suit against Defendant within 90 days, which was dated September 3, 2004 and received September 9, 2004.

9. Plaintiff files this Complaint within 90 days of receiving this notice.

## II.   FACTUAL BACKGROUND

10. The acts alleged herein took place primarily within Athens-Clarke County,

Georgia, at 1717 Epps Bridge Road, Athens, Georgia 30606.

11. At all times mentioned, Defendant was, and continues to be, engaged in the restaurant business.

12. Plaintiff began his employ with Defendant in or around March of 2004 after having been previously employed by Waffle House from September, 1998 to November, 2002.

13. Since his re-hire, the environment of Mr. Hewlett's workplace has been racially hostile, and the responses to his complaints inadequate.

14. On April 9, 2004, a Caucasian employee used a racial epithet more than once when addressing Mr. Hewlett.

15. When Mr. Hewlett reported this incident to Ms. Stephens she responded by attempting to explain away the remarks.

16. Mr. Hewlett called the company's hotline for reporting discriminatory incidents.

17. After two months, Mr. Hewlett received a letter dated June 23, 2004 which stated, in part, "Thank you for reporting your complaint. We did find sufficient evidence to support your allegations."

18. No affirmative remedial action was taken in regards to Mr. Hewlett's complaint.

19. Instead, ever since this event, Mr. Hewlett has experienced retaliation, further discrimination, and a hostile work environment.

20. As a direct result of the racial tension and resulting stress, Mr. Hewlett suffered a seizure and mild heart attack while at work for which he was

hospitalized.

21. During Mr. Hewlett's previous employment with Waffle House, Mr. Hewlett received a maximum wage of $7.75 per hour. Upon his re-hire, Mr. Hewlett received $6.80 per hour.

22. At the time of his rehire, Mr. Hewlett's supervisor, Marcia Stephens, orally promised Mr. Hewlett regular raises until he reached his previous rate of almost eight dollars per hour.

23. He never received a raise during his second period of employ with Defendant.

24. Mr. Hewlett was terminated from Waffle House in or around November, 2004.

### III.  LEGAL CLAIMS

#### COUNT ONE:
#### RACE DISCRIMINATION (TITLE VII)

25. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

26. Agent(s) of Defendant used their positions to effect discriminatory measures upon Plaintiff.

27. Defendant failed to discipline its employees evenly and in a nondiscriminatory and/or nonretaliatory fashion.

28. Defendant failed to follow its own progressive discipline policy, or to apply it evenly and in a nondiscriminatory and/or nonretaliatory fashion.

29. Defendant failed to apply its policies and procedures in a nondiscriminatory and/or nonretaliatory fashion.

30. Defendant failed to investigate Plaintiff's case diligently but instead merely did enough to give the appearance of complying with formalities.

31. Also, Defendant did not closely scrutinize decisions made by its agents.

32. Defendant failed to promote and/or give raises to Plaintiff.

33. Defendant reduced Plaintiff's work hours.

34. Defendant subjected Plaintiff to a hostile work environment.

35. Defendant retaliated against Plaintiff for complaining about the discrimination he encountered.

36. Defendant terminated Plaintiff for pretextual reasons.

37. Plaintiff was treated unfairly and discriminated against because of his race, African-American, and subjected to an overall racially hostile environment.

38. Defendant had no justification for engaging in any of these activities, and such actions were taken for the sole reason that Plaintiff is an African-American person.

39. In the alternative, Defendant had no justification for these activities, and made its decisions to do them based upon mixed motives, with one important factor being the Plaintiff's race.

40. The conduct of Defendant in taking these actions based upon his race was in violation of Title VII., 42 U.S.C. § 2000e, *et seq*.

41. Said actions on the part of the Defendant caused the Plaintiff to suffer damages including, but not limited to, loss of earning capacity, shame, humiliation, physical injury, emotional distress, and inability to enjoy life's pleasures and activities.

42. As a further result of the acts of the Defendant, the Plaintiff has incurred substantial attorneys' fees and costs and will be obligated to incur such expenses in the future.

## COUNT TWO:
## RACE DISCRIMINATION (Civil Rights Acts)

43. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

44. The conduct of Defendant in taking these actions based upon his race was in violation of the Civil Rights Acts of 1866 and 1871. 42 U.S.C. §§ 1981, 1983.

## COUNT THREE:
## BREACH OF EXPRESS CONTRACT (Regular Raises)

45. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

46. Ms. Stephens orally promised Plaintiff regular raises upon his re-employ with Defendant.

47. Plaintiff never received any raises during his second employ with Defendant.

48. Such breach of promises damaged Plaintiff.

## COUNT FOUR:
## BREACH OF EXPRESS CONTRACT (Policy Materials)

49. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

50. The discriminatory acts against the Plaintiff by the Defendant were based upon his race.

51. The termination of the Plaintiff was in violation of an express contract in Defendant's printed materials stating that discriminatory practices would not be tolerated.

52. Even if this policy handbook and/or other company statements suggest that they do not create a contractual guarantee of continued employment and/or that they do not affect at-will status, the handbook and/or other policy materials was/were *de facto* a contract *insofar as* and *to the extent that* they concerned the obligations the employee and the employer owed to each other during the duration of their employment relationship, especially in regards to equal employment opportunity policies.

53. At all times relevant to this action, Defendant has represented to employees in various writings, including but not limited to personnel policies and procedure manuals, that their employment relationship with Defendant would be based on good faith, that employees would be treated fairly and equitably, that employees would be judged on the basis of individual merit and ability, and that employees would receive just compensation for their services rendered to

Defendant. These provisions and representations form part of Plaintiff's express employment contract with Defendant.

54. During Plaintiff's employment by Defendant since March of 2004, Plaintiff had performed all conditions, covenants, promises, duties, and responsibilities required of him to be performed in accordance and in conformity with his portion of the employment contract.

55. With the Defendant's discrimination against, retaliation against, and/or failure to ameliorate a hostile work environment, the Defendant breached Plaintiff's contract and wrongfully failed to judge Plaintiff on the basis of merit and ability.

56. As a result of Defendant's breach of contract as mentioned above, Plaintiff has suffered and will suffer damages.

## COUNT FIVE:
## BREACH OF IMPLIED CONTRACT

57. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

58. The implied nature of the contract is based on the Defendant's conduct in treatment of other employees throughout the period within which the Plaintiff was employed by the Defendant and on understandings implicit in the workplace including, but not limited to, the understanding that the workplace would be free of racial discrimination.

59. The failures on the part of the Defendant as enumerated above were in further

violation of an implied contract by way of its failure to treat the Plaintiff in a fair, equitable and nondiscriminatory manner.

60. Said actions on the part of the Defendant caused the Plaintiff to suffer damages including, but not limited to, lost wages and benefits, back pay, front pay, past and future benefits, loss of earning capacity, shame, humiliation, damage to reputation, physical injury, emotional distress, and inability to enjoy life's pleasures and activities.

## COUNT SIX:
## TORTIOUS INTERFERENCE WITH CONTRACT

61. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

62. Certain individuals interfered with the employment contract between Plaintiff and Waffle House insofar as they effected discrimination against him.

63. Plaintiff is ignorant of the true names and capacities of defendants sued herein as "Does" 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## COUNT SEVEN:
## NEGLIGENT HIRING AND RETENTION

64. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

9

65. Defendant Waffle House knew or should have known that Mr. Hewlett was being subjected to racial hostility by co-workers, and/or retaliation by those to whom he reported it.

66. Defendant Waffle House knew or should have known that its agents effected discriminatory results in the workplace.

67. Defendant's continued retention of those involved, including but not limited to the co-worker perpetrator, his supervisors, and/or those to whom he reported the incidents proximately caused all or some of Plaintiff's damages.

68. All such actions affecting Plaintiff took place during work hours.

69. Such actions caused Plaintiff damages.

## COUNT EIGHT:
## FRAUD, DECEIT, AND MISREPRESENTATION

70. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

71. Defendant has made multiple material misrepresentations to the Plaintiff and/or his attorneys, including but not limited to the following:

    a. General company statements that employees such as Plaintiff would be judged on the basis of merit and ability rather than extraneous factors such as race;

    b. General company statements that complaints of discrimination would be responded to in an adequate manner;

    c. Specific company written statement that appropriate action had been taken

        in regards to the discriminatory treatment Plaintiff encountered;

    d. Specific company oral statement that when Defendant requested an interview on or about August 4, 2004 with Plaintiff (after Defendant was aware that Plaintiff was represented by counsel), that this meeting was not about his own claim but about another claim currently pending.

72. Defendant held itself out as being situated so that Plaintiff would reasonably rely on Defendant. Defendant made the material misrepresentations and concealed facts with the knowledge of the falsity of the representations made, with the intent to induce Plaintiff to rely on such representations. As a consequence, Plaintiff reasonably relied on the fraudulent and material misrepresentations.

73. As a result of Defendant's fraud, deceit, and misrepresentations as set forth above, Plaintiff has suffered and will suffer damages.

74. Defendant's fraudulent actions towards Plaintiff were willful and intentional, and were made with the intent to vex, annoy, oppress, and injure Plaintiff, and therefore Plaintiff is entitled to punitive damages.

### COUNT NINE:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

76. As a direct result of the outrageous acts and omissions, conduct, and discrimination beyond the adverse employment actions, Plaintiff became

      physically distraught, suffered a stroke, mild heart attack and severe emotional distress, all resulting in damages to him in an amount to be determined at trial.

77. The Defendant's foregoing actions were extreme and outrageous.

78. The Defendant's conduct was intentional or done with a reckless disregard of the probability of causing emotional distress to Plaintiff.

79. The Defendant's actions, as alleged above, caused the Plaintiff severe emotional distress.

80. Said actions on the part of the Defendant caused the Plaintiff to suffer damages including, but not limited to, loss of earnings, loss of earning capacity, physical injury and severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against the Defendants as follows:

a) For trial by a jury of twelve;

b) Actual damages against Defendant;

c) For general and compensatory damages;

d) For punitive damages;

e) For injunctive relief;

f) For costs;

g) For attorney's fees and other expenses of litigation;

h) For interest on such damages from the date of judgment until paid, as allowed by law;

i) For such other and further damages as may be discovered prior to judgment; and

j)  For other relief as the Court deems just and proper.


Respectfully submitted this 30th day of November, 2004.

                                                  DODSON & DODSON, LLC

                                                  Penn U. Dodson
                                                  Attorney for Plaintiff
                                                  GA Bar # 224494

P.O. Box 191
(150 E. Washington St, Ste B)
Athens, GA  30603-0191
(706) 583-8663 tel.
(706) 583-8664 fax

JS 44 .(Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I.(a) PLAINTIFFS**
Richard Hewlett

**DEFENDANTS**
Waffle House, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)
Clarke

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.   Gwinnett

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Penn Dodson, Dodson & Dodson LLC,
PO Box 191, Athens, GA 30603-0191, 706-583-8663

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "-" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "-" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "-" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transfered from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "-" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment | | | ☐ 870 Taxes (US Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)   Title VII (42 USC 2000e et seq); Civil Rights Acts (42 USC 1981, 1983)

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   ☒ CHECK YES only if demanded in complaint:   JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**

DATE                    SIGNATURE OF ATTORNEY OF RECORD